AI MING DONG, Petitioner,

v.

**US DEPARTMENT OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondents.**

No. 05–5994–ag.

United States Court of Appeals, Second Circuit.

Feb. 26, 2007.

Ai Ming Dong, pro se, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, John P. Cronan, Sara L. Shudofsky, Assistant United States Attorneys, New York, New York, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ai Ming Dong, a native and citizen of China, seeks review of an October 11, 2005 decision of the BIA denying his motion to reconsider and reopen. *In Re Ai Ming Dong*, No. A71 567 638 (B.I.A. Oct. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. I.N.S.*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001).

Dong's petition for review is timely only with respect to the BIA's denial of his second motion. When reviewing the denial of this motion, we cannot pass on the merits of the underlying claim for relief, and review must be confined to whether the denial of the petitioner's motion was an abuse of discretion. *See id.* at 90.

The BIA construed Dong's motion as a motion to reopen. The BIA did not abuse its discretion in denying the motion as numerically barred. A petitioner may file only one motion to reopen, 8 C.F.R. § 1003.2(c)(2); Dong had previously filed one. A petitioner can overcome the numerical bar if he can demonstrate "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). In his motion to reopen, Dong asserted that his case should be reopened because he now has two children who were born in the United States. A change in an individual's personal circum-

stances, however, does not qualify under this exception; an individual must demonstrate that the country conditions have changed in order for this exception to apply. *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (per curiam); *Jian Huan Guan v. Bd. of Immigration Appeals*, 345 F.3d 47, 49 (2d Cir.2003). Accordingly, the BIA did not abuse its discretion when it determined that Dong's motion was numerically barred and failed to fall within one of the enumerated exceptions.

■ Even if the BIA erred in failing to construe Dong's pro se motion liberally as a motion to reconsider, remand would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006). The BIA would be permitted to deny the motion for failing to raise any new arguments. *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). We note, however, that Dong may be eligible to file a successive asylum application pursuant to 8 U.S.C. § 1158(a)(2)(D).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).